UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUSEYIN OZKAN,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents.

Case No. C26-4417-SKV

ORDER GRANTING PETITION

Petitioner Huseyin Ozkan proceeds through counsel and pursuant to a 28 U.S.C. § 2241 habeas petition. Dkt. 1. He alleges unlawful re-detention in violation of his right to due process. *Id*. He seeks, as relief, release from custody on the same conditions as those in place prior to his re-detention, an order enjoining his re-detention in the absence of constitutionally adequate process, and that the Court retain jurisdiction to enforce the judgment and permit a timely application for attorney's fees and costs under 28 U.S.C. § 2412. *Id*. at 18-19.

The Court issued a scheduling order on November 16, 2026, directing Respondents (collectively "the Government") to "show cause why the writ of habeas corpus should not be granted" and setting a deadline of November 30, 2026, for the filing of a return. Dkt. 3 at 1-2. On November 23, 2026, the Government filed an "Abbreviated Return" submitting that

"immigration officials re-detained Petitioner after previously having been released from immigration detention[,]" and requesting that the Court "decide whether a writ should be granted based on the Petition and related filings." Dkt. 7 at 1. The Government has full access to the relevant facts concerning Petitioner's re-detention, yet offers no factual or legal basis to rebut his petition in the Abbreviated Return. The Court, under these circumstances, construes the habeas petition as "intentionally unopposed[.]" *Singh v. Mullin*, No. C26-4134-KKE, 2026 WL 3409217, at *2 (W.D. Wash. Nov. 10, 2026); *accord Paskar v. Blanche*, No. C26-4416-GJL, 2026 WL 3632560, at *2 (W.D. Wash. Nov. 24, 2026).

The Court has authority to grant a writ of habeas corpus to an individual who is "in custody in violation of the Constitution or law or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner here alleges his unlawful re-detention without constitutionally adequate process. *See* Dkt. 1. The Court finds that the Government has waived any challenge to the arguments raised in the petition. *Singh*, 2026 WL 3409217, at *2 (citing *Carrillo v. Mullin*, No. C26-5229-SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026)); *see also Charles Alexander Ponzon Deroy v. Warden*, No. C26-5972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026) ("As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.").

Because the Government has failed to meet its burden to show cause why the writ of habeas corpus should not be granted, the Court GRANTS the petition and finds release is the appropriate remedy. The Court also addresses Petitioner's remaining requests below.

The Court, for the foregoing reasons, herein ORDERS as follows:

(1) Petitioner's petition for writ of habeas corpus, Dkt. 1, is GRANTED.

(2) The Government shall RELEASE Petitioner from custody, on the same conditions as those in place prior to his re-detention, **within 24 hours** of the issuance of this Order.

(3) If the Government does not earlier do so, Petitioner's counsel shall file a status report **within seven days** confirming Petitioner's release.

(4) Although the Court finds release to be the appropriate remedy, it does not necessarily follow that Petitioner remains subject to the same "cognizable danger of recurrent violation." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003). The Court therefore DENIES without prejudice the request for injunctive relief.

(5) The Court also DENIES Petitioner's request to retain jurisdiction over this matter, and notes that any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 25th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge